# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JESSICA DOUGLAS**, on behalf of herself and all others similarly situated, | ) ) ) Case No. |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| **QSR ENTERPRISES ADMIN, LLC**, | ) **CLASS AND COLLECTIVE** ) **ACTION COMPLAINT** |
| – and – | ) ) **JURY DEMAND ENDORSED HEREON** |
| **QSR EXECUTIVE ENTERPRISES, LLC**, | ) ) |
| – and – | ) ) |
| **QSR ENTERPRISES NORWALK, LLC**, | ) ) |
| – and – | ) ) |
| **JASON PAYNE**, | ) ) |
| Defendants. | ) |

Plaintiff Jessica Douglas ("Plaintiff"), on behalf of herself and all others similarly situated, for her collective and class action Complaint against Defendants QSR Enterprises Admin, LLC ("Defendant QSR Admin"), QSR Executive Enterprises, LLC ("Defendant QSR Executive"), Defendant QSR Enterprises Norwalk, LLC ("Defendant QSR Norwalk"), and Jason Payne ("Defendant Payne") (collectively, "Defendants"), states and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violate the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111.

2. Plaintiff brings this case as a collective action on behalf of herself and on behalf of other similarly situated persons who may join this case pursuant to 29 U.S.C. § 216(b).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and on behalf of other similarly situated persons who have factually related claims under the OMFWSA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants are domiciled in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

6. This Court has supplemental jurisdiction over Plaintiff's asserted state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

**A. Plaintiff**

7. Plaintiff is an adult individual residing within Norwalk, Ohio. Plaintiff's written Consent to Join this Action is attached hereto as **Exhibit A**.

8. Plaintiff was employed for Defendants as a department manager from September 23, 2023 to July 15, 2024 and as an hourly assistant general manager from July 15, 2024 to the present.

9. Plaintiff has been employed by Defendants as a non-exempt hourly employee.

10. At all relevant times, Plaintiff and other similarly situated persons were "employees" within the meaning of the FLSA and Ohio law.

11. At all relevant times, Plaintiff and those similarly situated employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**B. Defendants**

12. Defendant QSR Admin is an Ohio for-profit limited liability company with its headquarters at 6815 Lake Ave., Elyria, OH 44035. Defendant QSR Admin can be served through its Ohio registered statutory agent: Jessica Wildhaber, 35888 Center Ridge Road, Suite 8, North Ridgeville, OH 44039.

13. Defendant QSR Executive is an Ohio for-profit limited liability company with its headquarters at 6815 Lake Ave., Elyria, OH 44035. Defendant QSR Executive can be served through its Ohio registered statutory agent: Brian C. Layman, 4481 Munson St. N.W., Suite 301, Canton, OH 44718.

14. Defendant QSR Norwalk is an Ohio for-profit limited liability company with its headquarters at 6815 Lake Ave., Elyria, OH 44035. Defendant QSR Norwalk can be served through its Ohio registered statutory agent: Jessica Wildhaber, 35888 Center Ridge Road, Suite 8, North Ridgeville, OH 44039.

15. Defendants, individually and jointly, are engaged in commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(1), in that they, individually and jointly, have employees, including Plaintiff and others similarly situated, engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

## FACTUAL ALLEGATIONS

**A. Defendants have been individual and joint employers of Plaintiff and those similarly situated.**

16. Defendants are involved in the food and service industry by operating restaurants, in particular Defendants own and operate a chain of approximately 24 restaurants across Ohio, under the trade name McDonald's.[1]

17. For example, Defendants do business as QSR Enterprises Benedict Ave, LLC; QSR Enterprises Center Ridge, LLC; QSR Enterprises Fairview, LLC; QSR Enterprises Grafton, LLC; QSR Enterprises Henderson, LLC; QSR Enterprises Huron, LLC; QSR Enterprises Lagrange, LLC; QSR Enterprises Lakewood, LLC; QSR Enterprises Lorain, Inc.; QSR Enterprises Margaretta, LLC; QSR Enterprises Mentor Ave, LLC; QSR Enterprises Milan, LLC; QSR Enterprises New London, LLC; QSR Enterprises North Olmstead, LLC; QSR Enterprises North Ridgeville, LLC; QSR Enterprises Norwalk, LLC; QSR Enterprises Oberlin, LLC; QSR Enterprises Painesville, LLC; QSR Enterprises Perkins, LLC; QSR Enterprises Puritas, LLC; QSR Enterprises River Ave, LLC; QSR Enterprises Sandusky Mall, LLC; QSR Enterprises Vermilion, LLC; and QSR Enterprises Willard, LLC.

18. Defendant Payne holds himself out as the owner and operator of Defendants' McDonald's locations.[2]

19. During all relevant times, Defendants, individually and jointly, employed Plaintiff and other similarly situated hourly assistant manager employees at their restaurants.

20. At all times relevant herein, Plaintiff and others similarly situated were "employees" of Defendants as defined in the FLSA.

---

[1] https://jasonpayneoffice.com/locations/ (last viewed 4/27/25).
[2] https://jasonpayneoffice.com (last viewed 4/27/25).

21. At all times relevant herein, Defendants, individually and jointly, were "employers" of Plaintiff and others similarly situated as that term is defined in the FLSA.

22. Defendants are jointly and severally liable for the overtime violations alleged herein as joint employers of Plaintiff and those similarly situated.

23. Defendants, individually and jointly, constitute a single integrated enterprise under the FLSA, 29 U.S.C. § 203(r).

24. Defendants form a "single employer" because they are part of a single integrated enterprise and/or they are joint employers by jointly operating and providing services and maintaining interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

25. Defendants, individually and jointly, have an annual gross volume of sales made or business done of not less than $500,000.00.

26. At relevant times, Defendants shared direct or indirect control and authority over matters governing the essential terms and conditions of employment for Plaintiff and similarly situated employees.

27. At relevant times, Defendants shared direct or indirect control and authority over the working conditions of Plaintiff and those similarly situated.

28. At relevant times, Defendants jointly hired and fired employees, supervised and controlled the work schedules and conditions of employees, determined the rate and method of pay, and/or maintained employee records.

29. Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to all employees across all locations,

including those related to the payment of wages, overtime, timekeeping, and the allegations made in this complaint.

30. The work performed by Plaintiff and similarly situated employees benefited all Defendants and directly or indirectly furthered their joint interests. Therefore, Defendants are also joint employers of Plaintiff and other similarly situated employees.

**B. Defendants failed to pay Plaintiff and those similarly situated their lawful overtime rate for time worked resulting in unpaid overtime.**

31. Defendants, individually or jointly, employ or employed Plaintiff and other similarly situated hourly assistant managers who perform various food services for Defendants at Defendants' restaurants

32. At all relevant times, Plaintiff and other similarly situated employees regularly worked more than 40 hours in a workweek but were paid their straight time hourly rate for some hours that exceeded 40.

33. Plaintiff and other similarly situated employees were entitled to be paid overtime compensation equal to one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek.

34. Defendants failed to pay Plaintiff and other similarly situated employees overtime compensation one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek.

35. Defendants' failure to pay the lawful overtime rate, in violation of the FLSA and Ohio law, was willful, knowing, and/or reckless. Defendants knew it was supposed to pay Plaintiff and others similarly situated an overtime premium, as they paid some overtime, but not all overtime compensation earned by only paying Plaintiff and others similarly situated at their straight time rate.

36. For example, Plaintiff and other similarly situated employees reported and complained about these discrepancies and lack of overtime pay to Defendants' various managers and office employees including General Manager Elizabeth Mahur, Caitlin (last name unknown), Jessica (last name unknown), and Phoenix (last name unknown).

**C. Defendants failed to pay Plaintiff and those similarly situated for all time worked resulting in unpaid overtime.**

37. At all relevant times, Defendants suffered or permitted Plaintiff and other similarly situated hourly assistant managers to work off-the-clock.

38. Plaintiff and others similarly situated were required to perform substantial work off-the-clock. This off-the-clock work included phone calls and text messages with managers, assistant managers, and other employees in which Plaintiff and others similarly situated would discuss scheduling and issues at the restaurants, setting up schedules of other employees, going to the restaurants to perform work, talking to various employees, and performing any other help or services that Defendants required Plaintiff and others similarly situated to perform.

39. This work that Plaintiff and others similarly situated spent between 2 to 4 hours a day or more performing this off-the-clock work without compensation.

40. Defendants failed to compensate Plaintiff and others similarly situated for this work.

41. The work that Plaintiff and other similarly situated hourly assistant managers performed was for Defendants' benefit and was integral and indispensable to the work they were hired to perform.

42. Defendants' companywide policies described herein resulted in Plaintiff and other similarly situated hourly assistant managers performing integral and indispensable work that went unpaid.

7

43. There was no administrative difficulty recording the time that Plaintiff and other similarly situated production employees spent performing the otherwise unpaid compensable work. In fact, Plaintiff told her managers, including Defendant Payne, General Manager Elizabeth Mahur, District Manager Lisette Santiago, and Amanda Osterland that she was performing this extra work. In response, Defendant Payne, General Manager Elizabeth Mahur, District Manager Lisette Santiago, and Amanda Oxford would tell Plaintiff that this additional work was her responsibility.

44. Plaintiff and others similarly situated routinely worked more than 40 hours per workweek. Therefore, Defendants failed to pay Plaintiff and other similarly situated hourly production employees for all overtime earned.

45. As a result of Defendants' companywide policy and/or practice described above, Defendants knew or had reason to know that they were not compensating Plaintiff and other similarly situated hourly assistant managers for all overtime pay that they actually earned.

46. At all times relevant hereto, Defendants were fully aware of the fact that they were legally required to comply with the FLSA.

47. During all relevant times, Defendants had knowledge of and acted willfully regarding their conduct described herein. For example, managers including Defendant Payne, General Manager Elizabeth Mahur, District Manager Lisette Santiago, and Amanda Oxford likely knew, or should have known, that such work was being performed without pay since they were communicating with Plaintiff and others similarly situated directly about this off-the-clock work and Plaintiff and others similarly situated complained to them about not being paid for doing this off-the-clock work.

48. Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to calculate damages and/or they otherwise failed to keep such records.

**D. Defendants failed to pay Plaintiff and those similarly situated for all time worked during unpaid meal breaks.**

49. During all relevant times, Defendants had a policy and practice of deducting, or causing to be deducted, 30-minute unpaid meal breaks from employees' time worked, including Plaintiff and those similarly situated.

50. Plaintiff and those similarly situated were often interrupted during their meal breaks or were unable to take their full 30-minute meal breaks due to work duties.

51. Despite these interruptions and incomplete meal breaks, Defendants continued to deduct, or cause to be deducted, 30 minutes from Plaintiff's and other similarly situated employees' time worked.

52. Defendants failed to accurately record and compensate Plaintiff and those similarly situated for all time worked, including time worked during interrupted unpaid meal breaks.

53. As a result, Defendants failed to pay Named Plaintiff and those similarly situated for all hours worked, including overtime compensation for hours worked in excess of 40 in a workweek in violation of the FLSA and Ohio law.

## COLLECTIVE ACTION ALLEGATIONS

54. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf herself and other similarly situated persons who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

55. The collectives that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is also a member, is composed of and defined as follows:

> **All current and former hourly assistant manager employees of Defendants who worked more than 40 hours during any workweek but were not paid one and one-half times their regular rates for all hours that exceeded 40 in a workweek at any time from three years preceding the filing of this Complaint through the final disposition of this matter ("Straight Time Collective").**
>
> **All current and former hourly assistant manager employees of Defendants who performed off-the-clock, unpaid work for Defendants, and who worked 40 or more hours during any workweek at any time from three years preceding the filing of this Complaint through the final disposition of this matter ("OTC Collective").**
>
> **All current and former hourly assistant manager employees of Defendants who were subject to Defendants' unpaid lunch policy and who worked 40 or more hours during any workweek at any time from three years preceding the filing of this Complaint through the final disposition of this matter ("Meal Break Collective").**

56. The Straight Time Collective, OTC Collective and Meal Break Collective will be collectively referred to as "FLSA Collective Members".

57. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid minimum wages, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims against Defendants. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

58. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were hourly non-exempt employees, and all were subjected to and injured by Defendants' unlawful practice of failing to pay Plaintiff and others similarly situated an overtime premium of one and a half times their regular rate for all hours that exceeded 40 in the workweek.

All have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

59. The identities of the putative FLSA Collective Members are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## OHIO CLASS ACTION ALLEGATIONS

60. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others similarly situated who have similar claims under the laws of the State of Ohio, which are defined as:

> **All current and former hourly assistant manager employees of Defendants who worked more than 40 hours during any workweek but were not paid one and one-half times their regular rates for all hours that exceeded 40 in a workweek at any time from two years preceding the filing of this Complaint through the final disposition of this matter ("Ohio Straight Time Class").**
>
> **All current and former hourly assistant manager employees of Defendants who performed off-the-clock, unpaid work for Defendants, and who worked 40 or more hours during any workweek at any time from two years preceding the filing of this Complaint through the final disposition of this matter ("Ohio OTC Class").**
>
> **All current and former hourly assistant manager employees of Defendants who were subject to Defendants' unpaid lunch policy and who worked 40 or more hours during any workweek at any time from two years preceding the filing of this Complaint through the final disposition of this matter ("Ohio Meal Break Class").**

61. The Ohio Straight Time Class, Ohio OTC Class and Ohio Meal Break Class will be collectively referred to as the "Ohio Classes".

62. The Ohio Classes are so numerous that joinder of all class members is impracticable. The exact number of class members is unknown, but is estimated to exceed 40

individuals per class, whose identities are ascertainable from the payroll records Defendants have maintained, and was required to maintain, pursuant to Ohio law.

63. There are questions of law or fact common to the Ohio Classes including whether Defendants failed to pay non-exempt hourly employees, such as Plaintiff and those similarly situated, for hours worked in excess of 40 in any week at the lawful amount of one and one-half times their respective regular rates.

64. The questions of law or fact that are common to the Ohio Classes predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Classes, listed above, are common to the Ohio Classes as a whole, and predominate over any questions affecting only individual class members.

65. Plaintiff's claims are typical of the claims of other members of the Ohio Classes. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories as the claims of other members of the Ohio Classes.

66. Plaintiff and the Ohio Classes have all been injured in that they have been uncompensated due to Defendants' common policy, and practice, and willful conduct. Defendants' corporate wide policies and practices affected the Ohio Classes similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Classes' members.

67. Plaintiff will fairly and adequately protect the interests of the Ohio Classes. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class members.

68. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Classes in this case.

69. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation

## COUNT ONE
### (FLSA Overtime Wages)

70. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

71. Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of herself and the FLSA Collective Members who will join this case pursuant to 29 U.S.C. §216(b).

72. At all relevant times, Plaintiff and the FLSA Collective Members regularly worked 40 or more hours per workweek for Defendants.

73. The FLSA requires that Defendants' hourly non-exempt employees receive overtime compensation for hours worked in excess of 40 per week of "not less than one and one-half times" the employees' properly calculated "regular rate." 29 U.S.C. § 207(a)(1).

74. As hourly non-exempt employees, Plaintiff and the Straight-Time Collective members should have been paid overtime compensation at the rate of one and one-half times their

13

properly calculated regular rate of pay when they worked more than 40 hours in a workweek. Instead, they were paid straight time for some of the hours worked in excess of 40 in a workweek.

75. Plaintiff and the OTC Collective members were not paid for all time worked because Defendants failed to pay Plaintiff and the OTC Collective members for work they performed off-the-clock.

76. Plaintiff and the Meal Break Collective members were not paid for all time worked because Defendants deducted 30-minute meal period even though Plaintiff and others similarly situated worked through the meal periods or were otherwise interrupted by work duties.

77. Plaintiff and the FLSA Collective Members were not paid lawful overtime compensation of one and one-half times their regular rates for hours worked in excess of 40 in a workweek, resulting in violations of the FLSA.

78. Defendants failed to pay Plaintiff and the FLSA Collective Members the required overtime compensation.

79. At all relevant times, Defendants knew it was required to pay Plaintiff and the FLSA Collective Members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

80. Defendants' practice and policy of not paying Plaintiff and the FLSA Collective Members for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of 40 hours per workweek is a violation of the FLSA.

81. By engaging in that practice, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

82. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

83. As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective Members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

## COUNT TWO
### (Ohio Classes – Overtime Violations)

84. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

85. Plaintiff brings this claim for violation of the OMFWSA, on behalf of herself and all members of the Ohio Classes for which certification is sought pursuant to Fed. R. Civ. P. 23.

86. At all relevant times, Plaintiff and the Ohio Classes' members regularly worked 40 or more hours per workweek for Defendants.

87. As hourly non-exempt employees, Plaintiff and the Ohio Straight Time Class members should have been paid overtime compensation at the rate of one and one-half times their properly calculated regular rate of pay when they worked more than 40 hours in a workweek. Instead, they were paid straight time for some hours worked in excess of 40 in a workweek.

88. Plaintiff and the Ohio OTC Class members were not paid for all time worked because Defendants failed to pay Plaintiff and the Ohio OTC Class members for work they performed off-the-clock.

89. The unpaid off-the-clock work that Plaintiff and other similarly situated employees performed was at Defendants' specific direction, or, alternatively, pursuant to an express provision of a written or unwritten contract or collective bargaining agreement. Therefore, the exemptions under Ohio R.C. 4111.031 do not apply. See Ohio R.C. 4111.031(B)(2) and (C)(1).

90. Plaintiff and the Ohio Meal Break Class members were not paid for all time worked because Defendants deducted 30-minute meal period even though Plaintiff and others similarly situated worked through the meal periods or were otherwise interrupted by work duties.

91. Plaintiff and the members of the Ohio Classes were not paid lawful overtime compensation of one and one-half times their regular rates for all hours worked in excess of 40 in a workweek, resulting in overtime violations of Ohio law.

92. Defendants failed to pay Plaintiff and the members of the Ohio Classes the required overtime compensation.

93. At all relevant times, Defendants knew it was required to pay Plaintiff and the members of the Ohio Classes all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

94. Defendants' practice and policy of not paying Plaintiff and the members of the Ohio Classes for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of 40 hours per workweek is a violation of the OMFWSA.

95. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Plaintiff and the members of the Ohio Classes is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

96. As a result of Defendants' violations of the OMFWSA, Plaintiff and the members of the Ohio Classes were injured in that they did not receive all overtime compensation due to them pursuant to Ohio's wage and hour laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, respectfully request that this Honorable Court:

A. Authorize Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in pursuant to 29 U.S.C. § 216(b);

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Classes;

C. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the FLSA Collective Members, and the Ohio Classes;

D. Award Plaintiff, the FLSA Collective Members, and the Ohio Classes actual damages for unpaid wages;

E. Award Plaintiff and the FLSA Collective Members liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the FLSA Collective Members;

F. Award Plaintiff, the FLSA Collective Members, and the Ohio Classes pre-judgment and post-judgment interest at the statutory rate;

G. Award Plaintiff, the FLSA Collective Members, and the Ohio Classes attorneys' fees, costs, and disbursements incurred in prosecuting this action; and

H. Award Plaintiff, the FLSA Collective Members, and the Ohio Classes any such further and additional relief as this Court deems just and proper.

Respectfully Submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
1360 E 9th St, Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (Ohio 0076017)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*
*Counsel for Plaintiff*