**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

Jessica Douglas,

      Plaintiff,

      -vs-

QSR Enterprises Admin, LLC, et al.,

      Defendants.

Case No. 1:25-cv-00928-PAB

**JUDGE PAMELA A. BARKER**

**MEMORANDUM OPINION & ORDER**

This case concerns alleged violations of the Fair Labor Standards Act by three entities that operate 24 McDonald's restaurants in northeast Ohio. Plaintiff alleges that Defendants QSR Enterprises Admin, LLC, QSR Executive Enterprises, LLC and QSR Enterprises Norwalk, LLC ("Defendants") collectively operate the McDonald's restaurants, and that they are her joint employer. Plaintiff has filed this action, on behalf of herself, and a proposed collective to recover damages for Defendants' alleged FLSA violations. This opinion concerns two threshold issues that were briefed by the parties: (1) whether FLSA-notice discovery pursuant to *Clark, et al. v. A&L Homecare*, 68 F.4th 1003 (6th Cir. 2023) is appropriate solely for Defendant QSR Enterprises Norwalk, LLC as opposed to all the limited liability companies and McDonald's locations referenced in the Amended Complaint, and (2) whether these issues should be decided immediately as a threshold issue prior to FLSA-notice discovery commencing or as a merits issue after FLSA notice has occurred. As explained in detail below, the Court finds that FLSA-notice discovery is appropriate at the 24 McDonald's restaurants alleged in the Amended Complaint, and that the employment status of the employees at those restaurants is a merits issue that will be resolved after notice has occurred.

I.      **Background**

On May 8, 2025, Plaintiff filed her Class and Collective Action Complaint (the "Complaint") against Defendants and Jason Payne.  (Doc. No. 1.)  Therein, Plaintiff alleges that Defendants violated the Fair Labor Standards Act's overtime provisions and the Ohio Minimum Fair Wage Standards Act's overtime provisions.  Plaintiff alleges that Defendants are "joint employers of Plaintiff and those similarly situated."  (*Id.* at ¶ 22.)  On July 7, 2025, Defendants filed their Answer to the Complaint. (Doc. No. 8.)  On July 22, 2025, Plaintiff filed her Amended Class and Collective Action Complaint (the "Amended Complaint").  (Doc. No. 12.)  Like her initial Complaint, Plaintiff alleges that Defendants are "joint employers of Plaintiff and those similarly situated."  (*Id.* at ¶ 22.)

On July 29, 2025, the Court conducted a status conference with counsel.  That same day the Court issued the following Minutes of Proceedings:

> The Court conducted a telephonic conference on July 29, 2025. Attorney Robi J. Baishnab participated on behalf of Plaintiff. Attorney Donald G. Slezak participated on behalf of Defendants. During the telephonic conference, the Court discussed with counsel the various new issues raised in the parties Supplemental Joint Status Report (Doc. No. 13) regarding: (i) whether Defendant Jason Payne ("Payne") employed Plaintiff within the meaning of the Fair Labor Standards Act ("FLSA"); (ii) Defendant Payne's ownership interests in the various limited liability companies and McDonald's locations referenced in the Amended Complaint (see Doc. No. 12 at PageID #77); (iii) whether FLSA-Notice discovery pursuant to *Clark, et al. v. A&L Homecare*, 68 F.4th 1003 (6th Cir. 2023) is appropriate solely for Defendant QSR Enterprises Norwalk, LLC as opposed to all the limited liability companies and McDonald's locations referenced in the Amended Complaint (*see id.*); and (iv) whether these issues should be decided immediately as a threshold issue prior to FLSA-Notice discovery commencing or as a merits issue after FLSA-Notice has occurred. Following a discussion with the parties, the Court ordered as follows. First, the parties shall submit simultaneous briefing on the aforementioned issues within fourteen (14) days from the date of this Order. Second, concurrently with their simultaneous briefing, the parties shall schedule the deposition of Defendant Payne on the limited issues relating to his status as an employer under the FLSA and ownership interests in the limited liability companies and McDonald's locations referenced in the Amended Complaint. (See Doc. No. 12 at PageID #77.) This deposition of Defendant Payne

2

does not preclude Plaintiff from taking the deposition of the 30(b)(6) witness on behalf of Defendants. Third, Defendants shall respond to Plaintiff's discovery requests relating to time records and random sampling for the Norwalk and Sandusky locations. If Defendants' counsel discovers that the Sandusky location is not owned, controlled, or managed by Defendants such that Defendants are unable to provide such records, Defendants' counsel shall file a notice on the docket indicating as such. Finally, Defendants shall provide Plaintiff with information relating to Plaintiff's discovery requests, including an organizational chart of the relevant entities and information regarding whether Opt-In Plaintiff Danielle Lyons was an hourly or salaried employee.

On August 6, 20205, Defendants filed their Answer to the Amended Complaint. (Doc. No. 15.) On August 22, 2025, the parties filed their briefs concerning the issues identified in the Court's July 29, 2025 Minutes.

Before the Court could decide the issues raised in the parties' briefing, on September 9, 2025, the Court issued the following order:

> The Court is in receipt of an email from counsel for both parties in the instant case. Therein, counsel represent that the parties have agreed to pursue private mediation and are in the process of discussing mediator selection, scheduling, and time/pay data production. Counsel also represent that the parties will file a joint Rule 21 motion to dismiss Defendant Jason Payne, without prejudice, by Monday September 22, 2025. In addition, counsel requested a stay of 90-days and asked that the status conference set for September 16, 2025 be canceled. Based on these representations, the telephonic status conference set for September 16, 2025 is hereby cancelled. The parties shall file a joint motion to stay pending mediation by close of business on September 16, 2025.

Then, on September 16, 2026, the parties filed a Joint Motion to Stay Pending Mediation. (Doc. No. 26.) The Court granted the Joint Motion and stayed the matter for 90 days. Six days later, the parties filed a Joint Rule 21 Motion to Dismiss requesting that the Court dismiss Jason Payne from the litigation. (Doc. No. 27.) That same day the Court granted that Joint Motion and dismissed Jason Payne without prejudice.

The parties then filed two joint requests to extend the stay, which were both granted by the

Court.  Through these Orders, the Court extended the stay through April 27, 2026, and ordered the parties to file a joint status report regarding the results of the mediation by that date.  On April 27, 2026, the parties filed a Joint Status Report indicating that mediation was unsuccessful and requested that they be permitted fourteen days to file a proposed discovery schedule.  (Doc. No. 36.)  The next day, the Court entered the following non-document Order:

> The Court has reviewed the parties' Joint Status Report (Doc. No. 36). Based upon the Court's review of the Joint Status Report, the Court hereby sets an in-person status conference for May 19, 2026 at 2:30 p.m. in Chambers 16A. By no later than May 12, 2026, the parties shall file a Joint Status Report addressing the parties' views on the following: (1) whether the issues raised at the July 29, 2025 telephonic conference, which the parties briefed (Doc. Nos. 20 , 21), have resolved, (2) what matters discovery should proceed on, and (3) a proposed discovery schedule.

On May 12, 2026, the parties filed a Joint Status Report and Proposed Schedule.  (Doc. No. 40.)  Therein, the parties assert that "[t]he Payne-specific issues have been narrowed by his dismissal, but the underlying discovery issues concerning entity relationships, centralized control, joint employment, integrated-enterprise facts, and the proper scope of FLSA notice/class discovery remain."  (*Id.* at PageID #286.)  The parties also proposed a discovery schedule and briefing schedule concerning FLSA notice.

Accordingly, the following issues are ripe for the Court's review: (1) whether FLSA-notice discovery pursuant to *Clark, et al. v. A&L Homecare*, 68 F.4th 1003 (6th Cir. 2023) is appropriate solely for Defendant QSR Enterprises Norwalk, LLC as opposed to all the limited liability companies and McDonald's locations referenced in the Amended Complaint, and (2) whether these issues should be decided immediately as a threshold issue prior to FLSA-notice discovery commencing or as a merits issue after FLSA notice has occurred.

## II.      Analysis

### A.      Framework governing FLSA notice

The FLSA provides that an employer who violates overtime requirements can be sued by the affected employees collectively. *See* 29 U.S.C. § 216(b).  Under the FLSA, until a person affirmatively "opts in" by filing a written consent with the court, the statute of limitations on their FLSA claim continues to run.  29 U.S.C. § 256 (b).[1]  A district court is authorized to give notice of a FLSA action "to employees who are in fact similarly situated" to the plaintiff.  *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1010 (6th Cir. 2023).

In *Clark*, the Sixth Circuit held that "for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Id.* at 1011.  The *Clark* court explained:

> That standard requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance. The strong-likelihood standard is familiar to the district courts; it would confine the issuance of court-approved notice, to the extent practicable, to employees who are in fact similarly situated; and it would strike the same balance that courts have long struck in analogous circumstances.

*Id.*  Because the statute of limitations continues to run until similarly situated employees "opt in," the Sixth Circuit mandates that "[i]n applying this standard, district courts should expedite their decision to the extent practicable." *Id.*  And the district court may "may promptly initiate discovery." *Id.*

---

[1] Some courts in this district have found equitable tolling to apply in certain circumstances.  *Balderas v. Norplas Indus.*, No. 3:24 CV 263, 2025 U.S. Dist. LEXIS 197485, at *10 (N.D. Ohio Oct. 2, 2025); *Sekela v. Just Mike's Jerky Co.*, No. 1:24 CV 1369, 2025 U.S. Dist. LEXIS 104787, at *16 (N.D. Ohio June 3, 2025); *see also Terry v. Paycor, Inc.*, No. 1:22-cv-00419, 2026 U.S. Dist. LEXIS 57864, at *9–10 (S.D. Ohio Mar. 19, 2026); *Hyde v. Fricker's USA, LLC*, No. 1:22-cv-591, 2024 U.S. Dist. LEXIS 166709, at *19–20 (S.D. Ohio Sept. 16, 2024).

**B.**     **A district court generally does not need to decide merits-based defenses before issuing FLSA notice**

Before *Clark*, district courts did "not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility" at the notice stage of a FLSA case.  *Myers v. Marietta Mem. Hosp.*, 201 F. Supp. 3d 884, 890 (S.D. Ohio 2016) (quoting *Waggoner v. U.S. Bancorp*, 110 F.Supp.3d 759, 765 (N.D. Ohio 2015)).  Thus, district courts within the Sixth Circuit historically deferred addressing the question of whether a defendant is a proper "employer" until after the notice stage.  *See*, *e.g.*, *Sholtz v. Emergency Med. Transp.*, No 5:20-cv-2328, 2021 U.S. Dist. LEXIS 199550, at *7 (N.D. Ohio Apr. 22, 2021) (finding it "premature" to address whether defendants were joint employers at the conditional certification stage); *Adams v. Cent. Ohio Elderly Care*, No 2:18-cv-134, 2018 U.S. Dist. LEXIS 240443, at *15 (S.D. Ohio Oct. 23, 2018) ("Defendants next argue that the Court should not conditionally certify this litigation as a collective action because Defendants are not joint employers under the FLSA. It is premature for the Court to consider this merits-based argument at this time.").

In *Clark*, the Sixth Circuit found, however, that "[w]hether other employees are subject to individualized defenses—such as an employee's agreement to arbitrate a claim—can also affect whether particular employees are similarly situated for purposes of sending notice." *Clark*, 68 F.4th at 1010.  Applying this rule, the Sixth Circuit rejected the plaintiffs' argument that the employer's defense that certain class members were subject to arbitration agreements was "off-limits for purposes of the notice determination because that defense presents 'merit questions.'" *Clark*, 68 F.4th at 1012. Specifically, the Sixth Circuit pointed to the individualized inquiry necessary to determine whether class members agreed to arbitrate or whether an agreement to arbitrate was procedurally unconscionable. *Id.* at 1011.

6

Although *Clark* found that individualized defenses are relevant at the notice stage, courts continue to defer merits-based questions until after the notice stage when those questions are "equally applicable to all [plaintiffs]." *Adams v. Merchs. Sec. Serv. of Dayton Ohio, Inc.*, No. 3:25-cv-087, 2025 U.S. Dist. LEXIS 213698, at *11–12 (S.D. Ohio Oct. 24, 2025) (quoting *Bunger v. Surge Staffing, LLC*, No. 2:23-cv-2113, 2024 U.S. Dist. LEXIS 100912, at *12 (S.D. Ohio June 6, 2024)). Therefore, "[e]ven under the *post-Clark* standard, courts in this circuit defer resolution of [] merits-based employer status questions until 'after the Parties have had the opportunity to engage in discovery.'" *Markle v. Senior Vill. Mgmt., LLC*, Nos. 2:23-cv-02520, 2:22-cv-03420, 2024 U.S. Dist. LEXIS 131710, at *9 (S.D. Ohio July 18, 2024) (quoting *Murphy v. Kettering Adventist Healthcare*, No. 3:23-cv-69, 2023 U.S. Dist. LEXIS 181430, *14 (S.D. Ohio Oct. 5, 2023), *reconsideration denied* 2023 U.S. Dist. LEXIS 203648 (S.D. Ohio Nov. 14, 2023)); *cf. Hogan v. Cleveland Ave Restaurant, Inc.*, 690 F. Supp. 3d 759, 778 (S.D. Ohio 2023) (declining to address whether plaintiffs were employees under the FLSA at the notice stage). Accordingly, "questions of whether the defendants are joint employers is premature at the initial stage" of a FLSA collective action. *Murphy*, 2023 U.S. Dist. LEXIS 203648 at *11; *see also Piddock v. Cmty. Living Network*, No. 22-cv-10715, 2024 U.S. Dist. LEXIS 87706, at *4, n.3 (E.D. Mich. May 15, 2024) ("The parties submitted arguments on whether Defendant employs Plaintiff and other Direct Care Workers . . . The Court will not determine this issue at this stage of the case because this is not the correct time to determine a merits issue.").

**C.** **Resolution of Plaintiff's, and the proposed collective's, employment status will be deferred until after the notice stage**

With these standards in mind, the Court addresses the parties' arguments in their briefing. Plaintiff argues "that Defendants—including Payne and multiple QSR-affiliated LLCs—acted as

joint employers and/or operated as a single integrated enterprise under the FLSA by jointly managing McDonald's restaurants across Ohio through interrelated operations, common ownership, centralized control of labor relations, and unified management structure." (Doc. No. 21, PageID #156.) She further argues "that all Defendants shared control over employment conditions, maintained overlapping HR and payroll systems, and held themselves out to employees and the public as a single organization." (*Id.*) According to Plaintiff "this is not a case where related, but separate, entities employ potential class members" because "Defendants Jason Payne, QSR Enterprises Admin, LLC, and QSR Executive Enterprises, LLC jointly employ all potential class members along with the respective individual location companies." (*Id.*) Plaintiff concludes that "notice should go to employees of all of the Defendants' locations that are owned and operated by, at a minimum, Defendant Payne and 'QSR Executive Enterprises, Inc. & LLC, at 6815 Lake Avenue, Elyria, OH 44035.'" (*Id.*) Plaintiff finally argues that "the Court's determination at this stage is whether there is a strong likelihood that Plaintiff and the potential opt-in plaintiffs are similarly situated as to all Named Defendants, in particular Payne who owns and operates all relevant locations." (*Id.*)

Defendants take the position that "Plaintiff seeks to conduct discovery and serve a[] FLSA notice alleging FLSA violations against entities that are not defendants in this lawsuit." (Doc. No. 20, PageID #134.) Defendants assert that "Plaintiff alleges that the Non-Defendant Entities should be included in this lawsuit and subject to the proposed FLSA notice through the single enterprise theory and/or through the ownership of Payne." (*Id.*) Defendants argue that "the Non-Defendant Entities have due process rights, and they must be served before this Court can exercise personal jurisdiction over them." (*Id.*) Defendants then argue that "[c]ourts addressing the issue of liability and rights of non-parties in FLSA matters have similarly declined to extend orders or liability to the

8

non-parties on grounds that they are not defendants in the lawsuit." (*Id.*) Defendants also argue that "Plaintiff cannot satisfy her burden to show that there is a strong likelihood that she is similarly situated to the proposed members of the class" because "the only admissible evidence put forth concerning the employments of plaintiff and the proposed class are set forth in Payne's declaration" and "Payne confirmed in his declaration that QSR Norwalk and the Non-Defendant Entities are separately owned and that QSR Executive does not employ Plaintiff or the proposed class members." (*Id.* at PageID #137.)

Defendants misunderstand Plaintiff's position.  Here, Plaintiff alleges in the Amended Complaint that Defendants were Plaintiff's joint employer.  Plaintiff specifically alleges that "[d]uring all relevant times, Defendants, *individually and jointly*, employed Plaintiff *and other similarly situated hourly employees at their restaurants . . . .*" (Doc. No. 12, ¶ 15 (emphasis added).) Plaintiff further alleges that "Defendants are involved in the food and service industry by operating restaurants, in particular Defendants own and operate a chain of approximately 24 restaurants across Ohio, under the trade name McDonald's." (*Id.* at ¶ 16.)  Plaintiff then alleges that "Defendants do business as QSR Enterprises Benedict Ave, LLC; QSR Enterprises Center Ridge, LLC; QSR Enterprises Fairview, LLC; QSR Enterprises Grafton, LLC; QSR Enterprises Henderson, LLC; QSR Enterprises Huron, LLC; QSR Enterprises Lagrange, LLC; QSR Enterprises Lakewood, LLC; QSR Enterprises Lorain, Inc.; QSR Enterprises Margaretta, LLC; QSR Enterprises Mentor Ave, LLC; QSR Enterprises Milan, LLC; QSR Enterprises New London, LLC; QSR Enterprises North Olmstead, LLC; QSR Enterprises North Ridgeville, LLC; QSR Enterprises Norwalk, LLC; QSR Enterprises Oberlin, LLC; QSR Enterprises Painesville, LLC; QSR Enterprises Perkins, LLC; QSR Enterprises Puritas, LLC; QSR Enterprises River Ave, LLC; QSR Enterprises Sandusky Mall, LLC;

QSR Enterprises Vermilion, LLC; and QSR Enterprises Willard, LLC" (collectively, the "Non-Defendant Entities"). (*Id.* at ¶ 17.)  Furthermore, Plaintiff's proposed collective is limited to the named Defendants:

> **All current and former hourly employees**, including Assistant Managers and other hourly employees with similar job duties but different job titles, **of Defendants** who worked more than 40 hours during any workweek but were not paid one and one-half times their regular rates for all hours that exceeded 40 in a workweek at any time from May 8, 2022, through the final disposition of this matter ("Straight Time Collective").

> **All current and former hourly employees**, including Assistant Managers and other hourly employees with similar job duties but different job titles, **of Defendants** who performed off-the-clock, unpaid work for Defendants, and who worked 40 or more hours during any workweek at any time from May 8, 2022, through the final disposition of this matter ("OTC Collective").

> **All current and former hourly employees**, including Assistant Managers and other hourly employees with similar job duties but different job titles, **of Defendants** who were subject to Defendants' unpaid lunch policy and who worked 40 or more hours during any workweek at any time from May 8, 2022, through the final disposition of this matter ("Meal Break Collective").

(*Id.* at ¶ 55 (emphasis added).)

The Court finds that Plaintiff's theory is that the *named* Defendants jointly employ the proposed collective.  The Court does not construe the Amended Complaint as alleging that the Non-Defendant Entities *employed* Plaintiff and/or the proposed collective.  Instead, the Court finds that the Amended Complaint limits Plaintiff's position to the *named* Defendants employing Plaintiff and/or the proposed collective.  Put simply, Plaintiff is not seeking to bind the Non-Defendant Entities in this case.

For this reason, Defendants' citation to *Knecht v. C&W Facility Servs.*, 534 F.Supp.3d 870 (S.D. Ohio 2021) is inapposite.  In *Knecht*, the plaintiff only named a single defendant in the complaint. *Id.* at 878.  The plaintiff specifically sought to conditionally certify a class that included

employees of related non-party entities. *Id.* The plaintiff acknowledged that these employees did not work for the named defendant, but that the employees suffered from the "same FLSA-violating policies used by these related entities as a single enterprise." *Id.* The Court rejected the plaintiff's argument and limited conditional certification to the named defendant. *Id.* at 878. It reasoned that it was "hesitant to include individuals in the putative class who worked for entities that are not named as defendants because such defendants were not served in this case and had no opportunity to be heard on the certification motion." *Id.*

By contrast, Plaintiff points the Court to *Murphy*, which the Court finds more persuasive. In *Murphy*, the court permitted notice to non-defendant entities because "courts have conditionally certified collectives that included employees from subsidiaries or related entities that were not named defendants." 2023 U.S. Dist. LEXIS 203648 at *11 (quoting *Tate v. Greif, Inc.*, No. 2:21-cv-5099, 2022 U.S. Dist. LEXIS 193827 (S.D. Ohio Oct. 24, 2022)). Unlike the plaintiff in *Knecht* who acknowledged that the non-party entities were not employers, the plaintiff in *Murphy* specifically argued that the defendant was a joint employer. *Id.* Based on the evidence before it, the *Murphy* found that there was sufficient information to provide notice to unnamed, but related, entities of the named defendants. *Id.* Specifically, the court pointed to declarations submitted by a named defendant showing that it had "management and oversight" over multiple unnamed subsidiaries. *Id.*

Plaintiff also points the Court to two additional pre-*Clark* decisions that are consistent with *Murphy*. *See Kuchar v. Saber Healthcare Holdings, LLC*, No. 1:20-cv-02542, 2021 U.S. Dist. LEXIS 127859, at *8 (N.D. Ohio July 9, 2021) (finding notice proper to defendant's non-party affiliates because the record showed that "Defendants' complicated corporate structure appears to serve as an umbrella that enables individual facilities' operations and suggests employer-like control.");

*Weisgarber v. N. Am. Dental Grp., LLC*, No. 4:18CV2860, 2020 U.S. Dist. LEXIS 48398, at *18 (N.D. Ohio Mar. 20, 2020) (permitting nationwide conditional certification of employees "who work for third parties associated with all Defendants" based on evidence showing a defendant provided "the same on-boarding process" across all of its offices, "created and provided" uniform job descriptions, and provided uniform employee evaluations at all offices.).  And in the case of restaurant franchises, Plaintiff has directed the Court to at least one case where a court in this Circuit has even permitted notice to locations where the plaintiff did not work because the plaintiff alleged a joint employer theory of liability. *See Thomas v. Papa John's Int'l, Inc.*, No .1:17v411, 2019 U.S. Dist. LEXIS 171728, at *11–12 (S.D. Ohio Sept. 29, 2019).

The Court finds that this case is more like *Murphy*, *Kuchar*, *Weisgarber*, and *Thomas* than *Knecht*.  As in the former cases, Plaintiff alleges that the Defendants are joint employers.  (Doc. No. 12, ¶ 7.)  And unlike the plaintiff in *Knecht*,  Plaintiff has not alleged that the Non-Defendant Entities employ Plaintiff or the proposed collective.

Simply put, Plaintiff's position is that the employees working the 24 McDonald's restaurants at issue are employed by the *named* Defendants.  Defendants' position, however, is that those employees are employed by the Non-Defendant Entities.  Indeed, the evidence in the record does suggest a colorable joint employment theory.[2]  The Court does not need to resolve this issue now, however.  As explained above, the appropriate thing to do is to resolve the employment issue after

---

[2] Although it offers no opinion today as to whether Defendants are indeed joint employers of Plaintiff and/or the proposed collective, the Court does note that Defendant's own evidence, in part, supports Plaintiff's theory.  In Payne's declaration, he avers that Defendant "QSR Executive wholly owns the Non-Defendant Entities listed in Paragraph 17 of the Amended Complaint" and wholly owns Defendant OSR Enterprises Norwalk, LLC.  And Plaintiff submitted five declarations from employees who aver that they were employed by "QSR Enterprises."  These five employees aver similar employment procedures at each of the McDonald's locations at issue. Plaintiff also attached two pictures to her declaration, which appear to be signs posted at two McDonald's locations that read "[y]ou are employed by QSR Executive Enterprises."

12

the notice stage. If any opt-in is truly employed by one of the Non-Defendant Entities, then Defendants can make that argument at the summary judgment stage of the proceedings. *Cf. Kuchar*, 2021 U.S. Dist. LEXIS 127859 at *8 ("The parties should conduct further discovery on the joint employer issue. Defendants can move to decertify the collective if it becomes clear that one or more Defendants could not be considered collective member's joint employer"). But the issue of which entity employed Plaintiff and the proposed collective is for another day, and can be decided after the notice period of the case has concluded.

## III. Conclusion

For the reasons set forth above, the Court finds that FLSA-Notice discovery is appropriate at the 24 McDonald's restaurants alleged in the Amended Complaint, and that the employment status of the employees at those restaurants is a merits issue that will be resolved after notice has occurred. With their May 12, 2026 Joint Status Report, the parties provided the Court with a proposed schedule. Under their proposed schedule, Plaintiff's Motion for Court-Approved Notice would not become ripe until 2027. The Court finds this unacceptable. Under *Clark*, this Court must "expedite [its] decision to the extent practicable." *Clark*, 68 F.4th at 1012. This matter has already been pending for a year during which the matter was stayed for a significant period of time at the request of the parties while they attempted to reach an amicable resolution. Although the Court appreciates the parties' attempt to resolve this matter without the Court's intervention, the parties' chose to spend seven months negotiating a potential resolution and the issues have not narrowed in the slightest since the Court initially stayed the case. Given *Clark*'s mandate, the Court will issue a separate order setting forth a more condensed schedule.

**IT IS SO ORDERED.**

　s/Pamela A. Barker　　　　　
PAMELA A. BARKER
Date:  May 18, 2026　　　　　　　　　　　U. S. DISTRICT JUDGE